## Wilkin Samuel v. The People of the State of Illinois.

1. WITNESSES—*Waiver of Personal Privileges in Testifying.*—A person who makes the affidavit upon which an information for a criminal offense is based, and requests the state's attorney to file the same, waives his right to decline to testify on the trial upon the ground that his testimony might expose him to a criminal prosecution.

Criminal Information.—Error to the County Court of De Witt County; the Hon. GEORGE W. INGHAM, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

R. A. LEMON, attorney for plaintiff in error.

JOHN FULLER, State's Attorney, for the people.

PER CURIAM.

Plaintiff in error was charged with keeping a gaming house, and with gaming. On the trial one King was offered as a witness by the people, and objected to giving testimony on the ground it might expose him to prosecution under an ordinance of the city of Clinton, which made it a penal offense to be found in a room or place used for the purpose of gaming.

It appeared from the statement of the witness that he signed the affidavit upon which the information was based and that he repeatedly requested the state's attorney to file the information. Assuming that a liability to prosecution under the city ordinance would justify the witness in declining to answer, yet this was a mere personal privilege which he might waive, and which we think he did waive, when he urged the state's attorney to file the information, and voluntarily signed said affidavit. He ought not to be permitted thus to incite the prosecution and then claim his privilege. Wharton Cr. Ev., 8th Ed., Sec. 470.

We need not discuss the question whether the defendant can assign error upon the admission of testimony which should have been held privileged on the objection of the witness. Judgment affirmed.